IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY HOWARD, | § | |
| | § | |
| Defendant Below, | § | No. 168, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| U.S. BANK NATIONAL | § | C.A. No. N15L-12-059 |
| ASSOCIATION, | § | |
| | § | |
| Plaintiff Below | § | |
| Appellee. | § | |

Submitted: June 18, 2024
Decided: July 8, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

### <u>**ORDER**</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     The appellant filed this appeal from two Superior Court orders relating to the appellant's attempt to relitigate foreclosure proceedings that were closed several years ago. He submitted a document bearing some resemblance to a check as purported payment of this Court's filing fee. The document was later returned by the bank as an altered or fictitious item.

(2)     On May 21, 2024, the Superior Court advised the Court that the appellant had not paid the Superior Court appeal preparation fee. The Senior Court

Clerk sent a letter to the appellant directing him to pay the Superior Court appeal preparation fee by June 4, 2024, or a notice to show cause would issue.

(3)     On June 6, 2024, the Chief Deputy Clerk of the Court sent a notice informing the appellant that the document submitted as purported payment of this Court's filing fee had been returned by the bank and directing him to show cause why the appeal should not be dismissed for his failure to pay this Court's filing fee and the Superior Court appeal preparation fee.  In response to the notice to show cause, the appellant asserts that the document that he submitted as purported payment of the filing fee should have "been presented to the [United States] Treasury for credit, being a direct obligation of the government federal agencies (the FED) that utilize the use of the Social Security Number Account assigned to an Individual [Assignee]" and that he is "exempt from the payment of debt and taxes."  The appellant does not address his failure to pay the Superior Court appeal preparation fee.

(4)     Under the rules of this Court, a party filing an appeal must pay this Court's filing fee and the trial court's record preparation fee, unless the respective

court waives the fees.[1]  In light of the appellant's failure to pay the applicable fees, this appeal must be dismissed.[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[1] *See* DEL. SUPR. CT. R. 20(a) ("[A] party filing a notice of appeal, or other proceeding, shall pay to the Clerk the sum of $500 and a $10 Court Security Assessment . . . ."); *id.* R. 20(h) ("Upon application of a party claiming to be indigent, the Court may authorize the commencement of an appeal or original proceeding before the Court without prepayment of fees, costs or security by a person who files a motion and sworn affidavit in accordance with 10 *Del. C.* §§ 8802-04 and Supreme Court Official Form Q.  The sworn affidavit must be sufficient to allow the court to determine the ability of the affiant to pay all or any portion of the court costs and fees associated with the proceeding before the Court."); *id.* R. 9(aa) ("Every appellant is required to pay the record preparation and transmittal fee within the time limit imposed by the trial court unless the trial court waives its fee or otherwise extends the deadline for payment.  If an appellant shall fail to comply with the provisions of this rule, the Court may dismiss the appeal *sua sponte* pursuant to Rule 29(b).").

[2] *E.g.*, *Anderson v. General Motors, LLC*, 2024 WL 3085080, at *1 (Del. June 20, 2024); *Kostyshyn v. New Castle County*, 2023 WL 7383740, at *1 (Del. Nov. 7, 2023); *Jackson v. Del. Office of Animal Welfare*, 2018 WL 509341 (Del. Jan. 22, 2018).